**DODSON v. RAKER.**

No. 137.

District Court, E. D. Illinois.

July 2, 1940.

Kramer, Campbell, Costello & Weichert, of East St. Louis, Ill., for plaintiff.

John B. Edwards, of St. Louis, Mo., and Baker, Lesemann, Kagy & Wagner, of East St. Louis, Ill., for defendant.

WHAM, District Judge.

This case is before the court upon plaintiff's motion for a new trial on the ground of asserted inadequacy of damages allowed plaintiff by the jury's verdict. There is no serious question but that the damages allowed are entirely inadequate, if plaintiff is entitled to a verdict at all; nor that plaintiff is entitled to a new trial in view of such inadequacy, if the evidence was sufficient to go to the jury on the question of defendant's liability.

The court overruled defendant's motion for a directed verdict at the close of the plaintiff's evidence and at the close of all the evidence in the case and is of opinion now that plaintiff's evidence made out a strong case for the jury on the question of liability. I have no doubt that plaintiff is entitled to a new trial.

But plaintiff, by his motion, seeks to have a new trial granted as to the single issue of damages, under authority of Rule 59 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and to let the judgment on the verdict stand, in so

far as it determines the defendant's liability.

The suit is for damages alleged to have been suffered by plaintiff from injuries to his person and automobile resulting from a collision between his automobile which he was driving and the automobile being driven by the defendant. At the conclusion of the case the jury was carefully instructed that a verdict could not be returned for the plaintiff unless the jury believed from a preponderance of all the evidence that the defendant was guilty of negligence charged in the complaint which was the proximate cause of the collision and unless the jury further believed from a preponderance of the evidence that the plaintiff at and immediately preceding the time of the collision was in the exercise of ordinary care and caution for his own safety. The jury was further instructed that unless they believed from a preponderance of the evidence that defendant was guilty of negligence, charged in the complaint, which directly or proximately caused the accident they should find the issues for the defendant. The acts of negligence charged in the complaint were defined. Further, that unless they believed from a preponderance of the evidence that the plaintiff was free of contributory negligence that they should find the issues for the defendant. The jury was further instructed, in substance, that if they found for the defendant it would be unnecessary for them to consider the question of damages suffered by plaintiff.

The instructions placed clearly before the jury the issue of defendant's negligence proximately causing the accident and the issue of the plaintiff's contributory negligence. Both issues were necessarily found in favor of the plaintiff before the jury could, under the instructions, consider the question of damages.

▮ It would seem that though the verdict in this case is a general verdict finding the issues in favor of the plaintiff and fixing his damages, the issues of defendant's actionable negligence, the plaintiff's contributory negligence or lack of contributory negligence, and the amount of damages that the plaintiff was entitled to recover, if entitled to a verdict at all, were so separated by the instructions as to be considered separable issues within the meaning of Rule 59 which permits a new trial to be granted on all or part of the issues.

▮ Defendant insists that the inadequacy in the amount of damages allowed by the verdict is obviously the result of a compromise on the question of liability. That could possibly be true. Yet, as I view the evidence, there seemed to be such slight question of defendant's negligence and such slight evidence of plaintiff's contributory negligence, it seems scarcely reasonable that the jury could have divided seriously on these issues. It seems more reasonable to believe that the jury were seeking, by the small amount of damages allowed, to show their disapproval of the plaintiff's conduct in having with him, at the time of the accident, the girl from the restaurant in Effingham when he himself was a married man, and his conduct in disobeying the instructions of his superiors by travelling from Effingham to St. Louis instead of directly to Kentucky, as ordered. Plaintiff's faults in the respect mentioned were strongly and definitely impressed upon the minds of the jury by counsel for the defendant, not only in the examination of witnesses and the cross-examination of the plaintiff and of the young lady who was with him, but also in counsel's argument before the jury.

I am of opinion that a new trial should be granted and that the new trial should be limited to the issue of the amount of the damages the plaintiff is entitled to recover. It is so ordered.